**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By migarcia at 4:10 pm, Jan 16, 2020*

STACY MILLER,

                Plaintiff,

     v.

CITY OF DARIEN; DONNIE HOWARD;
RYAN ALEXANDER; and ARCHIE DAVIS,

             Defendants.

CIVIL ACTION NO.: 2:17-cv-144

## ORDER FOR SETTLEMENT CONFERENCE

The Court hereby **ORDERS** this matter set for a Settlement Conference on Thursday, January 23, 2020, at 9:30 AM in Courtroom 2, United States District Courthouse, 801 Gloucester Street, Brunswick, Georgia. The following directions are designed to increase the efficiency and effectiveness of the settlement conference. Counsel shall provide a copy of this Order and the attached addendum to their clients at least five business days prior to the date of the settlement conference.

**Appearance and the Conference.** The parties must appear personally at the settlement conference. Personal appearance reduces the time for communication of offers and expanding the ability to explore options for settlement. If any party is insured for the claims at issue, a representative of the insurer who has full settlement authority shall appear in person. At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, must be present. No lawyer, no matter how knowledgeable about the case and skillful

in negotiation, is a substitute for a live client.  Having the client available by telephone is not acceptable.

If an organization, governmental entity, corporation, or other collective entity is a party, a duly authorized officer or managing agent of that party shall be personally present at the settlement conference.  This means each party must attend the settlement conference through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the conference.  If the party representative has a limit, or "cap," on his or her authority which would require telephone or other consultation with a corporate office or a "home office," this requirement is not satisfied.  To be perfectly clear: each party must bring a fully authorized client representative to the settlement conference.

**Good-Faith Negotiations.**  Before arriving at the settlement conference, the parties are required to negotiate and make a good-faith effort to resolve the case without Court involvement.  In particular, the parties must make specific proposals and counter proposals prior to the settlement conference.

**Settlement Statements.**  Each party shall provide to the undersigned, in confidence, through the undersigned's courtroom deputy clerk, a concise settlement statement.  The statement must be received **before 4:00 p.m. on January 22, 2020**.[1]  The statement shall not be filed with the clerk, and copies of the settlement statement shall not be provided to the other parties in the case.  The statement shall not become a part of the file of the case but shall be for the exclusive use of the Magistrate Judge in preparing for and conducting the settlement.  The parties are directed to be candid in their statements.  The statement should include: (1) a summary of the evidence the party expects to produce at trial; (2) analysis of the strengths **and**

---

[1]     The Court directs the parties to email their settlement statements to the undersigned's courtroom deputy clerk at: kim_mixon@gas.uscourts.gov.

**weaknesses** of the party's case; (3) a settlement proposal; and (4) an outline of the settlement negotiations to date.  The settlement statement should not be lengthy but should contain enough information to be useful to the Court in analyzing the factual and legal issues in the case.  The statement is not to exceed **three** typed pages, single-spaced.  If not already part of the Court's record, copies of any critical agreements, business records, photographs or other documents or exhibits should be attached to the settlement statement.

      **Confidentiality.**  The purpose of the conference is to facilitate settlement of this case, if that is appropriate.  The conference will be conducted in such a manner as to not prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned that the parties ask to be kept in confidence will be kept confidential and will not be disclosed to any other party.

      **Preparation for the Conference.**  At the conference, the parties, through counsel, should be prepared to give a brief presentation outlining the factual and legal highlights of the case.  Separate, confidential caucuses will be held with counsel for each party and the parties or a party's representative(s).  Attached is an addendum entitled "Settlement Conference Preparation" for counsel to review with the parties prior to the mediation to make the best use of the limited time allotted.  All parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the potential categories and amounts of damages which might reasonably be awarded at trial.

      **Waiver of Rules.**  If any party believes this case presents an exceptional circumstance which would justify a variance from these rules, that party must contact the Magistrate Judge's office no later than five business days before the settlement conference to request a waiver of the

rules.  Waivers are granted only by the Magistrate Judge and only on a showing of exceptional

circumstances.  No waiver will be valid unless entered into the record by the Court.

**Non-Compliance.**  Failure of any party to comply with the conditions of this Order may

result in, among other things, the settlement conference being rescheduled, with the party

responsible to bear all associated costs.  See Fed. R. Civ. P. 16(f).

**SO ORDERED**, this 16th day of January, 2020.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result.  Settlement conferences are more efficient if all parties and counsel are prepared.  Consider the following points to aid in the effectiveness of your settlement conference.

**\*\*\*Counsel and parties who will be attending the settlement conference should discuss each issue in this addendum before the settlement conference.\*\*\***

A.    FORMAT

1.    The Court will use a mediation format and private caucusing with each side; the judge may address your client directly.

2.    The judge will not meet with parties separate from counsel.

B.    ISSUES

1.    What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue?  What is your most persuasive argument?

2.    What remedies are available resulting from this litigation including a trial?  From a settlement?  Are there any remedies or structure of remedies available through settlement that are not available through trial?  Specifically consider whether non-monetary remedies might be available in a settlement.

3.    Is there any ancillary litigation pending or planned which affects case value?

4.    Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

5.    Do attorney's fees or other expenses affect settlement?  Have you communicated this to the other side?

6.    Have you discussed the cost of taking the case to trial?  Have you discussed the risk of going to trial?

7.    Does bankruptcy or insolvency (of any party) present a challenge to settling the case?

C.    AUTHORITY

1.    Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the judge's office, and a notice of the settlement conference will be sent.

2.      Is there valid insurance coverage?  In what amount?  If insurance is an issue, have you notified the other side?  Do we need to include the representative from one or more insurance companies?

D.      NEGOTIATIONS

1.      Where did your last discussion end?

2.      Discuss settlement with the opposing parties **before** the mediation to make it proceed more efficiently.  **The Court requires at least one offer and response.**

3.      With what value do you want to start?  Why?

4.      With what value do you want to end?  Why?  Is it significantly different from values you have placed on this case at other times?  Why?

5.      Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6.      What happens if you do not settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?  What might change the outcome of the settlement conference?  Pending motions, discovery, expert's report, etc.

E.      CLOSING

1.      Have you discussed the format of a settlement agreement?  Do you understand structured settlements, annuities, Rule 68 offers of judgment?

2.      How soon could checks and closing documents be provided?

3.      If settlement is not reached and further discovery is needed, what is your plan for continuing settlement discussions?  Do you want the Court involved in these talks?

4.      If settlement is not reached, be prepared to discuss it again at the pretrial conference.