**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

STACY MILLER,

      **Plaintiff,**

vs.                                   **Case No.: 2:17-CV-00144-LGW-RSB**

CITY OF DARIEN,

      **Defendant.**      /

## BRIEF IN SUPPORT OF CONSTRUCTIVE DISCHARGE

Plaintiff, by and through her undersigned attorney, and pursuant to the Court's instructions at the pretrial conference, hereby provides the following two arguments in support of her claim of constructive discharge due to unlawful discrimination and retaliation in the workplace:

### I.    PLAINTIFF'S GENDER DISCRIMINATION AND RETALIATION CLAIMS ARE PROPERLY BEFORE THE COURT

Plaintiff brought a claim for constructive discharge as part of her lawsuit against the City of Darien.  Defendant already had its opportunity to argue against Plaintiff's claims, and fell short.  In its Order Denying in Part Defendant's Motion for Summary Judgment, the Court permitted Plaintiff to pursue her claims of discrimination due to gender and retaliation.  Defendant cannot now have a second bite at the apple, and Plaintiff's claims must be permitted to proceed.

In her Amended Complaint, Plaintiff specifically raised seventy-two specific allegations regarding her intolerable work conditions, before specifically pleading that she was eventually forced to resign. See ECF No. 33 at ¶¶73-74 (under the caption "Miller's Forced Resignation from DPD"); but see Bailey v. Virginia Dep't Of Alcoholic Beverage Control, Case No. (E.D. Va 2019) (finding that where "Plaintiff has adequately plead the intolerability required for constructive discharge… (the fact that) Plaintiff did not separately plead hostile work environment as an independent cause of action is of no moment.") Defendant later moved for summary judgment on all of Plaintiff's claims, and Plaintiff opposed this motion.  ECF No. 53; ECF No. 60. The Court denied Defendant's motion with respect to Plaintiff's claims of gender discrimination and retaliation.  ECF No. 65.

Specifically, the Court concluded that Plaintiff created a triable issue of discriminatory intent on the basis of gender through her mosaic of circumstantial evidence: assignment to the evening shift, assignment to the evidence room, assignment of an inferior vehicle, and her failure to be provided the K9 training. ECF No. 65 at 48-50; see also Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1320 (11th Cir. 2012) ("There is more than one way to show discriminatory intent using indirect or circumstantial evidence. One way is through the burden-shifting framework set out in McDonnell Douglas . . . Another way is 'present[ing] circumstantial evidence that creates a triable issue concerning the employer's

discriminatory intent.'"). The Court concluded that "[i]n the aggregate, these instances tend to show a pattern of behavior that could cause….. a reasonable jury to conclude that she was discriminated against on the basis of gender. ECF No. 65 at 51; 53-55. The Court also concluded that Plaintiff's failure to promote claims and unequal pay claims due to gender discrimination constituted adverse actions under the burden shifting analysis of McDonnell Douglas.   ECF No. 65 at 45.

There is no legal basis for the Court to now modify its Order to isolate and bar Plaintiff's claim of constructive discharge/forced resignation.  In its Order, the Court recognized that Plaintiff has alleged a pattern of behavior that could lead a reasonable jury to conclude that she was discriminated against due to gender, and therefore, a jury could reasonably conclude that these behaviors, in the aggregate, caused Plaintiff to discontinue her employment with Defendant.  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001) ("Workplace conduct is not measured in isolation.") It stands to follow that a reasonable employee would not wish to continue working in a discriminatory and/or retaliatory environment.

Indeed, the Court's specific findings regarding Plaintiff's failure to promote claims can directly support a finding of constructive discharge.  Specifically, a discriminatory failure to promote may support a finding of constructive discharge if the employee can show that he "reasonably expected ... opportunities for advancement" and that the employer's discriminatory actions or omissions

3

"essentially locked him into a position from which he could apparently obtain no relief." Clark v. Marsh, 214 U.S.App.D.C. 350, 355, 665 F.2d 1168, 1173 (1981). Courts have recognized constructive discharge where, as Plaintiff alleges here, that the employee "reasonably believes there is no chance for fair treatment." Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 574 (8th Cir. 1997). There is no requirement that an employee remain in an "intolerable workplace" for a particular period of time. Atlantic Richfield Co. v. District of Columbia Com'n, 515 A.2d at 1095, 1101 (D.C.C.A. 1986) (citing cases). The "intolerableness of working conditions is very much a function of the reasonable expectations of the employee, *including expectations of promotion or advancement*." Hopkins v. Price Waterhouse, 825 F.2d 458, 472 (1987) (emphasis added).

Here, the evidence in the record shows that Plaintiff did not believe she had a chance for fair treatment. Plaintiff has provided specific examples of differential treatment, including Defendant's steadfast refusal to promote her or pay her equally. Plaintiff's employment record shows that she was ambitious, seeking advanced degrees and training in her field, prior to even joining the force. She was exemplary in her performance, and sought to advance. Unfortunately, for the duration of her employment, no doors would open.

In sum, Plaintiff's claim of constructive discharge was properly plead and argued before the Court. Defendant's motion seeking summary judgment of her

4

claims was denied.  The Court has properly concluded that Plaintiff should be able to make her gender discrimination and retaliation case to a jury.  There is no new evidence or change in case law that would support an alteration of that finding now. Plaintiff's must be able to present her allegations to a jury to decide.

## II. IT IS THE JURY'S FUNCTION TO DETERMINE DAMAGES

Defendant attempts to bend the legal requirements for determining whether constructive discharge qualifies as an adverse action in a prima facie analysis in order to bar Plaintiff from providing full testimony of her damages. However, there is no question that Plaintiff is entitled to a jury trial for her discrimination and retaliation claims. Therefore, Plaintiff must be permitted to testify as to the damages she has incurred from the discrimination and retaliation, as it is the function of the jury is to determine the precise amount of her damages.  Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998) ("in cases where the amount of damages was uncertain[,] their assessment was a matter so peculiarly within the province of the jury that the Court should not alter it) (quoting Dimick v. Schiedt, 293 U.S. 474, 480, 55 S.Ct. 296, 79 L.Ed. 603 (1935). Overall, regardless of whether Plaintiff's resignation qualified as an adverse employment action, Plaintiff can still testify as to why she felt the need to resign after a history of non-promotion and unequal pay.

If a reasonable jury could conclude that Plaintiff's mosaic of circumstantial evidence is sufficient to establish discrimination on the basis of Plaintiff's gender, and/or that Plaintiff was subject to retaliation in the workplace, then a reasonable jury could conclude that Plaintiff resigned rather than continue to work in that environment. Plaintiff must be able testify as to the effect of the discriminatory acts and patterns of behavior on her in the workplace. Allen v. Tyson Foods, 121 F.3d 642, 647 (11th Cir.1997) (courts should examine the conduct in context, not as isolated acts, but rather the totality of the circumstances.)

Plaintiff's lawsuit touches on every aspect of her day to day duties, from the type of gun she used, to the type of car she was assigned, to the discriminatory application of non-existent policies to discipline her, to the differential pay, failure to promote, and scheduling of her shifts to interfere with her ability to perform her job. See ECF No. 33 at ¶¶73-74 .A jury is entitled to decide whether this daily discriminatory treatment, in light of her failure to be promoted or paid equally, would drive a reasonable person to resign.  The jury is fully capable to view all the facts in evidence to determine if her desire to resign was reasonable in light of the discrimination she alleged. Lord Townshend v. Hughes, 2 Mod. 150, 151, 86 Eng. Rep. 994, 994-995 (C. P. 1677) ("by the law the jury are judges of the damages.")

Indeed, Defendant provides no legal support for its contention that Plaintiff cannot speak freely as to the full damages she claims.  There is nothing

inflammatory regarding this proposed testimony, and there are no expensive expert

witnesses that might prejudice the jury that would be necessary for this testimony.

To the extent Defendant simply wishes to resurrect its arguments from its motion

for summary judgment regarding Plaintiff's constructive discharge, then Defendant

can make those same arguments to a jury to decide the appropriate scope of

damage. Absent any authority to the contrary, there is no cause to prevent a jury

from her hearing Plaintiff's arguments and evidence, and the Court must deny

Defendant's motion.

## CONCLUSION

Plaintiff must be permitted to proceed with her constructive discharge and

give her testimony to the jury regarding the scope of her damages.

Respectfully submitted this 20th of January 2020,

s/ **ADIAN MILLER**
Adian Miller, Esquire
GA Bar No.: 794647
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Atlanta, GA 30303
Telephone: (404) 496-7332
Facsimile: (404) 496-7428

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** on this 20th day of January, 2020, a true and correct

copy of the foregoing was served via e-mail upon all counsel of record.

<u>**s/ ADIAN MILLER**</u>
Adian Miller, Esquire