# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

STACY MILLER,

    Plaintiff,

v.

CITY OF DARIEN, DONNIE HOWARD, RYAN ALEXANDER, AND ARCHIE DAVIS,

    Defendants.

No. 2:17-CV-144

## ORDER

This matter is scheduled for a jury trial on February 24, 2020. At the pretrial conference held on January 15, 2020, the parties inquired as to whether Plaintiff would be permitted at trial to present a claim to the jury for constructive discharge as it relates to her cause of action for gender discrimination under 42 U.S.C. § 2000e *et seq* ("Title VII"). The Court instructed the parties to file additional briefing on this issue, which the parties submitted on January 20. Dkt. Nos. 78-79. Upon review of those submissions, the Court finds that the Plaintiff **SHALL NOT** be permitted to present to the jury a claim of constructive discharge as it relates to her cause of action for gender discrimination.

AO 72A
(Rev. 8/82)

Assuming, without deciding, that Plaintiff has pled a claim for constructive discharge[1], the Court nonetheless finds that any such claim was effectively dismissed by this Court's November 2019 Order granting, in part, and denying, in part, Defendants' Motion for Summary Judgment. See Dkt. No. 65. In that Order, the Court noted that Miller's search for alternative employment was prompted by Robinson's discharge because she feared "that she would also soon be terminated." Dkt. No. 65 at 21. The Court also noted that Miller had "conceded that her claim that she was 'forced to resign' was based on the statement by Davis that she would have to remain as a full-time patrol officer if she wanted to remain with the DPD." Id. at 22 (quoting Dkt. No. 58-1 at 122). The Court later found that Davis's statement did not appear to be based on an intent to discriminate, but rather that it was reasonable to assume "that the DPD could not accommodate Miller as a full time CID employee" after she had accepted a position with another organization and the DPD had hired her replacement. Id. at 61.

Though Plaintiff alleged in her opposition to Defendants' Motion for Summary Judgment that she was also constructively discharged because she had been "repeatedly passed over for

---

[1] In her Amended Complaint, Plaintiff's only specific reference to constructive discharge is her contention in the introductory section that she was discriminated against "in the denial of job opportunities, wrongful establishment of arbitrary policy, selective enforcement of policy, and *constructive termination* of Plaintiff on the basis of her race and gender." Dkt. No. 33 ¶ 1 (emphasis added). She does not, however, offer any detail as to the basis for her constructive discharge claim, particularly as it concerns her cause of action for gender discrimination under Title VII.

AO 72A
(Rev. 8/82)

2

promotions," dkt. no. 60 at 9, this contradicts her earlier concession that her decision to leave the DPD was based on something else entirely. Moreover, Plaintiff has not made any allegations nor introduced any evidence that her failure-to-promote claims were somehow tied to her constructive termination.

For these reasons, the Court **ORDERS** the following:

1. The Plaintiff **SHALL NOT** present any testimony or evidence to the jury as it relates to the claim that Plaintiff was constructively discharged from her employment with the DPD.

2. The Magistrate Judge **SHALL** issue a report and recommendation on Defendants' pending Motions in Limine, dkt. nos. 70-71, that are not inconsistent with this Order.

**SO ORDERED**, this 22 day of January, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA